# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-18-00433-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| C. Howard, | |
| Respondent. | |

On August 24, 2018, Petitioner Jeremy Pinson filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (Doc. 1.) Respondent filed an Answer on February 7, 2019 (Doc. 15), and Petitioner filed a Reply on February 22, 2019 (Doc. 16). On March 12, 2021, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation ("R&R") (Doc. 17), recommending that this Court dismiss the Petition for lack of jurisdiction. Petitioner filed a timely Objection (Doc. 21), Respondent filed a Response to the Objection (Doc. 22), and Petitioner filed a Reply (Doc. 23). Respondent then filed a Motion to Strike Petitioner's Reply (Doc. 24). Petitioner did not respond to Respondent's Motion to Strike. For the following reasons, Respondent's Motion to Strike will be granted, Petitioner's Objection will be overruled, the R&R will be adopted, and the § 2241 Petition will be denied.

**I.    Standard of Review**

A district judge "may accept, reject, or modify, in whole or in part," a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). The district judge

must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

## II. Background

Petitioner is serving a 252-month aggregate sentence for Threats Against the President, False Statement, Threat to a Juror, and Mailing Threatening Communications in violation of 18 U.S.C. §§ 871(a), 876, 876(c), and 1001(a)(2). (*See* Doc. 15-2 at 7–9.) Petitioner challenges in her Petition a disciplinary conviction that she asserts resulted in the loss of privileges and good time credits. (Doc. 1 at 4.) Petitioner alleges that Officer Whelton falsely charged her with being in an unauthorized area and lying to staff. (*Id.*) Petitioner seeks a writ of habeas corpus expunging Officer Whelton's report. (*Id.* at 9.)

The R&R finds that, although the Petition alleges a loss of good time credits, the only sanction actually imposed was a thirty-day loss of commissary privileges. (Doc. 17 at 5.) Because the loss of commissary privileges does not affect the legality or duration of Petitioner's confinement, the R&R recommends this court dismiss the Petition for lack of jurisdiction. (*Id.* at 4–8.) The R&R further finds that, contrary to Petitioner's assertions, *Ziglar v. Abbassi*, 137 S. Ct. 1843, 1865 (2017) does not confer jurisdiction over Petitioner's claim. (*Id.* at 6–7.) Finally, the R&R declines to convert the Petition into a civil rights complaint because such a complaint would be moot based on the expiration of Petitioner's 30-day loss of commissary privileges. (*Id.* at 8.)

1       Petitioner objects to the R&R on four grounds. (Doc. 21.) First, Petitioner argues that *Ziglar* confers jurisdiction on her case. (Doc. 21 at 1.) Second, she contends that the duration of her confinement is affected, and thus habeas jurisdiction is implicated, because "any discipline infraction can preclude release under the CARES Act." (*Id.* at 2.) Third, Petitioner similarly argues that the disciplinary infraction affects the duration of her confinement by making her ineligible to receive good time credits under the First Step Act. (*Id.*) Finally, Petitioner contends the case is not moot for the foregoing reasons. (*Id.*)

      In response, Respondent argues first that the R&R correctly concludes that the *Ziglar* decision does not confer jurisdiction over Petitioner's claims. (Doc. 22 at 2.) Second, Respondent argues that Petitioner's eligibility for home confinement does not affect the duration of her custody because an inmate placed on home confinement in accordance with the CARES Act is still serving her federal sentence in the custody of the Bureau of Prisons. (*Id.* at 2-3.) Third, Respondent argues that Petitioner's challenge to the disciplinary infraction does not affect her eligibility for good time credits under the First Step Act because inmates serving a sentence for Threats Against the President, as Petitioner is, are statutorily excluded from earning time credits under that Act. (*Id.* at 3.) Finally, Respondent argues that the case is moot because Petitioner's previously stated arguments fail. (*Id.*)

### III. Applicable Law

      A civil rights action is the proper mechanism for a prisoner to challenge disciplinary sanctions that do not affect the "fact or length" of her confinement. *Ramirez v. Galaza*, 334 F.3d 850, 855 (9th Cir. 2003) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973)). In contrast, "[h]abeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (citing *Preiser*, 411 U.S. at 484). Following this reasoning, the Ninth Circuit Court of Appeals has held that habeas corpus jurisdiction is proper under 28 U.S.C. § 2241 for a prisoner seeking to expunge a disciplinary finding "only where 'expungement is *likely* to accelerate the prisoner's eligibility for parole.'" *Ramirez*, 334 F.3d at 858 (quoting *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir.1989)), *overruled on other grounds by*

*Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) *(en banc)*; *see also Everett v. Clark*, 52 Fed. App'x 959, 960 (9th Cir. 2002) (mem.) (holding § 2241 petition was properly dismissed for failure to state claims which warrant habeas corpus relief where petitioner requested relief for the loss of commissary privileges).

IV. **Discussion**

    A. **Jurisdiction**

Petitioner's reliance on *Ziglar* to assert that habeas corpus proceedings are "an available remedy to address prison conditions issues," and thus an available remedy in her case, is unavailing. (Doc. 21 at 1; *see also* Doc. 16 at 2 (citing *Ziglar*, 137 S. Ct. at 1865). While acknowledging the question was "not before the Court," the Supreme Court in *Ziglar* noted the *possibility* of habeas corpus relief for certain condition of confinement claims. *Ziglar*, 137 S. Ct. at 1863. The Court noted that it is an open question "whether [detainees] might be able to challenge their confinement conditions via a petition for a writ of habeas corpus." *Id.* at 1862-63. As the R&R finds, merely "[n]oting the possibility of habeas corpus relief for certain condition of confinement claims does not confer jurisdiction on Petitioner's claim in this case." (Doc. 17 at 7.)

Petitioner's contention that habeas jurisdiction is implicated because the disciplinary infraction caused her to be ineligible for home confinement under the CARES Act is likewise not compelling. The decision to place a prisoner on home confinement does not confer habeas corpus jurisdiction because the decision does not affect the fact or length of a prisoner's confinement. *See United States v. Earl*, 729 F.3d 1064, 1068 (9th Cir. 2013). A person is not "released" from imprisonment, nor is her federal sentence reduced, merely because she is physically allowed to leave the prison. *Id.* A prisoner placed on home confinement as part of her federal sentence by the Bureau of Prisons ("BOP") is not in fact "released from imprisonment" because the prisoner has "not yet completed h[er] federal term of imprisonment" and remains under BOP's legal custody. *Id.* (internal quotation marks omitted). Accordingly, even if Petitioner's disciplinary infraction negatively impacts her eligibility for home confinement under the CARES Act, the disciplinary

infraction nevertheless does not affect the legality or duration of her confinement because Petitioner would not be "released" from imprisonment—nor would her federal sentence be reduced—merely as a result of being placed on home confinement.

Petitioner's claim that the disciplinary infraction affects her duration of confinement by causing her to be ineligible for good time credits under the First Step Act also fails. A prisoner serving a sentence for a conviction under 18 U.S.C. § 871 "relating to threats against the President" is ineligible to receive time credits under the First Step Act. 18 U.S.C. § 3632(d)(4)(D)(xx). Petitioner is serving a sentence for violations of 18 U.S.C. § 871(a), Threats Against the President. (Doc. 15 at 2.) Thus, she is ineligible to receive time credits under the First Step Act. As a result, the disciplinary infraction cannot affect the legality or duration of her confinement under that Act.

As the R&R concludes, Petitioner's challenge to the disciplinary infraction and loss of commissary privileges will not affect the legality or duration of her confinement. Put another way, expungement of the disciplinary finding is not likely to accelerate Petitioner's eligibility for release or parole. As a result, this Court lacks habeas jurisdiction under 28 U.S.C. § 2241.

**B.     Mootness**

The judicial power of all federal courts is limited to actual cases or controversies. U.S. Const. art. III; *see also Flast v. Cohen*, 392 U.S. 83, 94–95 (1968). "In general a case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)).

Here, Petitioner may have been entitled to challenge the conditions of her confinement in a civil rights suit seeking injunctive relief. *See Ramirez*, 334 F.3d at 856 (a civil rights action is the proper mechanism for challenging conditions of confinement). However, because Petitioner's thirty-day loss of commissary privileges has expired, a civil rights suit seeking injunctive relief would be moot. Therefore, this Court declines to convert Petitioner's habeas petition into a civil rights suit for injunctive relief.

**C. Motion to Strike**

It is proper for a party to move to strike "any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m)(1). Pursuant to Federal Rule of Civil Procedure 72(b)(2), a party may file an objection to an R&R and a party may respond to another party's objection. The rule does not allow the objecting party to file a reply to the other party's response. *See* Fed. R. Civ. P. 72(b)(2). Furthermore, the R&R expressly states: "No replies shall be filed unless leave is granted from the District Court." (Doc. 17 at 9.) Here, because Petitioner did not obtain leave to file a reply, her Reply to Respondent's Response is prohibited by Rule 72(b)(2) and the express language of the R&R. Therefore, the Court will grant Respondent's Motion to Strike (Doc. 24) and will strike Petitioner's Reply to Respondent's Response to Objections to Report and Recommendation (Doc. 23).

**IT IS ORDERED**:

1. Respondent's Motion to Strike (Doc. 24) is **granted**.
2. The Clerk is directed to **strike** Petitioner's Reply to Respondent's Response to Objections to Report and Recommendation (Doc. 23).
3. Petitioner's Objection (Doc. 21) is **overruled**.
4. The Report and Recommendation (Doc. 17) is **accepted and adopted in full**.
5. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **dismissed for lack of jurisdiction**. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 29th day of June, 2021.

_____
Honorable Rosemary Márquez
United States District Judge